ERASTUS K. BURNHAM, Respondent, *v.* CAPE VINCENT SEED
COMPANY, Limited, Appellant.

C. shipped a cargo of peas from Kingston, Canada, to Cape Vincent,
consigned to a Kingston bank, care of plaintiff, a warehouseman at
Cape Vincent. Plaintiff received the cargo and delivered to C. a ware-
house receipt stating that the peas were held subject to the order of the
consignee. C. drew a draft against the consignment on defendant,
which was duly accepted by it under an agreement that it was to have
possession of the cargo on payment of the draft, the warehouse receipt
to be held meanwhile as security. The draft with the warehouse receipt
attached as security, was discounted by said bank. Defendant, after
acceptance and before maturity of the draft, took the cargo from plain-
tiff's possession without his permission. Defendant having failed to pay
the draft, plaintiff paid it, on demand being made by the bank for the
cargo, and thereupon the draft with the warehouse receipt was duly
transferred to him. *Held*, that plaintiff was entitled to recover of defend-
ant the amount of the draft; that the provisions of the Penal Code
(§ 633) forbidding a warehouseman from delivering to another than the
holder of a warehouse receipt issued by him, the property covered by it,
did not apply.

(Argued March 21, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made December 9, 1892, which affirmed a judgment in favor
of plaintiff entered upon a verdict, and also affirmed an order
denying a motion for a new trial.

This action was brought, among other things, to recover the
amount of a draft drawn by F. F. Cole and accepted by
defendant in payment for a cargo of peas, which was paid
by plaintiff and transferred to him by the Ontario Bank, on
which it was drawn.

The facts, so far as material, are stated in the opinion.

*E. C. Emerson* for appellant. The uncontradicted evidence
showed that if the peas were received by defendant the delivery
was contrary to the provisions of section 663 of the Penal
Code. (*F. & M. Bank* v. *Logan*, 74 N. Y. 568; *Whitlock*

v. *Hay*, 58 id. 484.; *Colgate* v. *P. Co.*, 102 id. 120; *C. Bank* v. *R., W. & O. R. R. Co.*, 44 id. 136, 141; *F. N. Bank* v. *Kelly*, 57 id. 34; Penal Code, §§ 629, 631, 632.) The plaintiff was not entitled to recover upon the first cause of action in his complaint. (*Bell* v. *Quinn*, 2 Sandf. 146; *Smith* v. *City of Albany*, 7 Lans. 14; *Foley* v. *Spies*, 100 N. Y. 552, 558; *Bettinger* v. *Bridenbecker*, 63 Barb. 396; *Dung* v. *Parker*, 10 N. Y. 294; *Hewitt* v. *Brisbane*, 16 id. 508.) The transaction between plaintiff and Cole under which the plaintiff claims, amounted to an agreement not to prosecute the plaintiff criminally in consideration of a settlement. This of itself would defeat the plaintiff's first cause of action, as it is an elementary rule of law that all contracts, the object of which are to compound felonies, suppress evidence or stifle prosecutions, are void. (*Conderman* v. *Hicks*, 3 Lans. 108, 111, 112; *Bank* v. *Matthewson*, 5 Hill, 249; *Porter* v. *Haven*, 37 Barb. 343; *Nickelson* v. *Wilson*, 60 N. Y. 368; *Bettinger* v. *Bridenbecker*, 63 Barb. 396.) The proofs showed a full payment of this claim. At least it was an executed accord and satisfaction which barred further recovery. (*Palmerton* v. *Huxford*, 4 Den. 166; *Vedder* v. *Vedder*, 1 id. 257; *People* v. *Board of Managers*, 96 N. Y. 640; *Morehouse* v. *S. N. Bank*, 98 id. 504; *Allison* v. *Abendroth*, 108 id. 470–472; *Kromer* v. *Heim*, 75 id. 574–577.) The court erred in refusing to charge that plaintiff could not recover unless he showed a delivery of the peas. (Edwards on Bills, 431.) The receipt in evidence of a telegram from Howard to Cole offering to pay $1,000 on the draft was error. (*O. S. Co.* v. *Otis*, 14 Abb. [N. C.] 388.)

*N. F. Breen* for respondent. Upon the conceded fact of the acceptance of the draft and the jury finding the fact that the defendant received the peas, the defendant was liable to the holder of the draft, though the defendant illegally got the peas and this cause of action was assigned to the plaintiff. (*Bank of Rochester* v. *Jones*, 4 N. Y. 497; *C. Bank* v. *Pfeffer*, 108 id. 242; *F. C. N. Bank* v. *Garfield*, 30 Hun,

579.) The exception as to the receipt in evidence of the telegram is untenable. (Whart. on Ev. § 76; *Morgan* v. *People*, 59 Ill. 58.)

BARTLETT, J. This is an appeal from a judgment affirming a judgment in favor of plaintiff on the verdict of a jury at Jefferson County circuit, and from an order denying a new trial. The plaintiff was a warehouseman residing at Cape Vincent in this state. On the 2d of October, 1890, one Cole, a seed dealer at Kingston, Ontario, shipped from that port to Cape Vincent, by steamer "Khartoum," a cargo of peas consigned to the Ontario Bank of Kingston, care of plaintiff. On the 3rd of October, 1890, said cargo arrived in Cape Vincent and was deposited in plaintiff's elevator, and a warehouse receipt was issued and delivered to Cole stating that the peas were held subject to the order of the Ontario Bank of Kingston. Cole thereupon drew a ninety days' draft against this consignment on defendant, which was duly accepted Oct. 13, 1890, the defendant to have possession of said cargo on payment of the draft, the warehouse receipt to be held as security meanwhile. Cole then attached the warehouse receipt to the draft and procured discount by the Ontario Bank. The defendant failing to pay the draft when due, the Ontario Bank demanded of plaintiff the cargo of peas held by him as security for its payment. The plaintiff claimed that the defendant, after accepting the draft, had, without authority, taken possession of the cargo of peas; he, therefore, paid the draft, and thereupon it was duly transferred to him by the Ontario Bank, together with the warehouse receipt. The plaintiff then brought this action, setting up in his complaint three causes of action, viz.: first, on the draft so paid; second, for value of certain peas received by defendant and never accounted for, but no part of cargo in question; third, for storage of the cargo of peas involved in the first cause of action. The main contest was over the first cause of action. The defendant denied that it had received any portion of the cargo of peas stored as security for the payment of the draft;

also alleged that plaintiff had parted with the custody of said cargo in violation of section 633 of the Penal Code which forbids warehousemen to deliver to another property covered by a receipt, and for that reason could not maintain this action. The question of fact as to whether the defendant had taken from the custody of the plaintiff, without his permission, and before the maturity of the draft, the cargo of peas held as security for its payment, was properly submitted to the jury, and their verdict in favor of plaintiff is conclusive.

The defense based on plaintiff's alleged violation of section 633 of the Penal Code has no foundation in fact or in law. The section referred to is designed to protect the *bona fide* holders of negotiable warehouse receipts by inflicting a severe penalty on warehousemen who wrongfully deliver to third parties property covered by the receipts. In the case at bar the plaintiff held the cargo of peas as security for the Ontario Bank, and if, before the bank's debt was paid, he had wrongfully delivered it to the defendant, he would have been criminally liable under section 633 of the Penal Code, and the bank could have proceeded against him in a civil action for damages. (*Colgate* v. *The Pennsylvania Co.*, 102 N. Y. 120; *First National Bank of Cincinnati* v. *Kelly*, 57 id. 34.) The facts in this case show that the section quoted has no application. The plaintiff before this action was commenced had paid the claim of the Ontario Bank and was subrogated to all its rights as against the defendant; his cause of action was on the draft although inartificially pleaded; the defendant, by the verdict of the jury, is found to have received the cargo of peas which was covered by the warehouse receipt held by the bank, and there is no reason, in morals or in law, why it should not pay the draft accepted in payment for property it has reduced to possession. As to the second and third causes of action it is unnecessary to discuss them in detail; it is sufficient to say that the verdict of the jury is warranted by the evidence. The judgment must, therefore, be affirmed unless the exceptions in the case disclose errors of law calling for reversal.

The defendant's counsel took a large number of exceptions to the charge of the trial judge and to his refusals to charge as requested, but they are disposed of by the view we take of this case on the merits. There were numerous exceptions taken during the trial, all of which have been examined. We are of opinion that none of them requires special comment unless it be the exception to receiving in evidence a certain telegram sent by defendant's vice-president, J. H. Howard, to Cole, the consignor of the cargo of peas in question. The objection was made that this telegram was not sufficiently proved to entitle it to be read. Assuming the telegram to have been improperly received, it worked no prejudice to the defendant, as its counsel had previously introduced in evidence a letter from Howard to Cole dated the day after the telegram and referring to it, and repeating an offer therein contained of partial payment on the amount due Cole from the defendant for said cargo of peas.

The judgment and order appealed from are affirmed, with costs.

All concur, except O'BRIEN, J., not voting.

Judgment accordingly.